The opinion of the court was delivered by •
Poché, J.
This is an action in damages in the sum of $15,000, for false imprisonment, the order of which is alleged to have been instigated and procured by the defendants and made for their benefit, Plaintiff appeals from a judgment which dismissed his suit on an exception of no cause of action.
The substantial and pertinent allegations of his petition are to the effect; *
That in the suit entitled the “Oity of New Orleans vs. Bernard Barthe,” an injunction had been issued in July, 1888, prohibiting the defendant therein from carrying on a private market, at No. 149 *133 'Terpsichore street, in this city, on the ground that said market was within the prohibited limits from a public market.
That on the 14th of September, 1888, plaintiff, who was then keeping a private market at the place hereinabove designated, was arrested on a process for contempt of court, by reason of his alleged violation ■of the injunction issued, as hereinabove stated, and that for said reason he was sentenced by the judge of the court whence the injunction had emanated, to imprisonment for the term of ten days, which he served.
He avers that the process resulting in his imprisonment had been maliciously, unlawfully and wantonly procured by the defendants, who were then the lessees of all the public markets of the City of New Orleans, and that said process was obtained and was issued for their special benefit. And he finally charges that being in no way or manner a party to the pending suit, in which the injunction had been sued out, he was not amenable to said writ, and that his imprisonment for contempt thereunder was therefore unwarranted and unlawful.
We have not been favored with a brief on the part of defendants’ counsel, and we have not had the advantage of being furnished with a statement of the reasons which led the District Judge to the decree rendered by him in this case.
We are therefore left to surmise and conjecture in our search for the grounds of law on which the judgment could be rested. And we are constrained to conclude, after a thorough study of the case and an exhaustive examination of the authorities within our reach, that the judgment can find no sanction either in law or in equity.-
The question presented is apparently new in our jurisprudence, in which we find no cases directly in point. , But the judgment which would hold that plaintiff’s petition in this case discloses no cause of .action for damages, involves the proposition that one who has been held in contempt and imprisoned for the violation of an injunction not addressed or directed to, or served on him, and issued in a case to which he is not a party, is without redress under the law, or that the parties on whose instigation and procurement and for whose benefit the process was inaugurated and conducted, can hot in law be held responsible for their acts in the premises.
We hasten to say that we can not subscribe to such a doctrine.
The only authority in our law for the imprisonment of any person *134 as a result of an injunction previously granted, is to be found in Art. 308 of the Code of Practice, which reads:
“If one against whom the injunction is directed violate the same or refuse to obey, the court may either cause to be destroyed whatever may have been done in contravention to the injunction if it be p :acticable, or they may punish him by an imprisonment not exceeding ten days.” * * * (Italics are ours.)
The grant of power from the sovereign to punish in such a case is conditioned in a manner to restrict its exercise toward one against whom the injunction is directed; and courts are clearly powerless to extend such a power by implication or by any other means beyond its well defined limits. All laws in derogation of common rights, and above all, affecting the freedom or liberty of the citizen, must be strictly construed.
It is a fair construction of the writ of injunction issued against Bernard Barthe, that within the meaning of the court the keeping of a private market at No. 149 Terpsicore street was forbidden by the city ordinance then in process of execution; and, that until otherwise decided by the courts, it was illegal for plaintiff in' this case or any one else to open and to attempt to carry on a private market at that place; and it is quite certain that by his attempt in the premises, plaintiff E. J. Barthe had become amenable to prosecution and to punishment by fine or imprisonment, under the provisions of the city ordinance.
But how could he be held in contempt and punished for the violation of the process of the court, which was not directed to him?
In the case of the State ex rel. Liversey vs. Judge, 34 An. 741, this court held that an injunction emanating from a court having no power to grant it is an absolute nullity, and that the condemnation of the defendant for contempt falls with the injunction the moment such nullity has been pronounced. A fortiori, must it be apparent that an injunction not directed to a party who is condemned in contempt for its violation, is an absolute nullity quoad the party thus dealt with.
And hence it follows that the condemnation thus pronounced, and the imprisonment thus ordered, are unjustifiable and unwarranted in law. Both áre therefore torts for which the perpetrators thereof are and must be held responsible.
Such responsibility flows from the textual provisions of Art. 2315 cf the Civil Code.
*135 This doctrine has been enforced in our sister States, under the-principles of the common law.
The circumstances and proceedings in the case of Johnson vs. Von Kettler, 66 Ill. Rep., p. 65, are strikingly similar to the case in hand; the decision therein made is of itself ample authority for the views-which we have just announced.
The appellee in that case, together with his wife who was the administratrix of an estate, were imprisoned for contempt in not complying with an order which had been previously entered against theadministratrix, requiring her to pay out a certain sum of money. In an action by the husband for false imprisonment against the party at whose instance the condemnation in contempt had been pronounced, it was held that the defendant was liable in damages for the arrest and imprisonment of the husband, for the reason that he had procured the same, and because the court was without jurisdiction to render an order against the husband, as he was not a party to the mandate previously directed to his wife, the administratrix.
To the contention that the husband was amenable to the order because he administered jointly with his wife, the Supreme Court of Illinois answered:
“ Assuming that the position taken by counsel can be maintained, and that appellee received the assets of the estate in the capacity of administrator, still, it was as indispensable before he could be put in default for non-payment of the claims against the estate, that he should be first required by an order lawfully made to pay such claims-as though he had been the actual administrator.
“ There was, in fact, no order on appellee to pay the claim of the creditor. The only cause specified in the statute in this regard, for which he could be imprisoned, was for the non-compliance with an order of court after the proper demand had been made on him to do so.
“It is difficult to comprehend on what principle a party can be committed for not complying with an order of court when none has been entered against him. The proposition itself is absurd and need not be elaborated. It is not sufficient' that an order was entered against the administratrix. The appellee was no party to that proceeding on the record or otherwise.” See also 14 Ohio State 213, Spice & Son vs. Steinnick; 25 Kansas 640, Hauss vs. Kohler.
The principle under which a party who has procured such a pro *136 cess, or for whose benefit it has been issued, is liable in damages to ■one who has thereby been illegally or unjustly imprisoned, is equally .settled by jurisprudence. Vaughn vs. Congdon, 56 Vermont 111; Cody vs. Adams, 7 Gray (Mass.) 59; Dielh vs. Friester, 37 Ohio State 473; Webber vs. Kinney, 1 March (Ky.) 255; Fenelon vs. Butts, 53 Wisconsin 344; Hallack vs. Doming, 7 Hum. (N. Y.) 52.
We are clearly of the opinion that plaintiff’s petition does disclose a cause of action and that his right to recover damages must be determined by a trial on the merits.
It is therefore ordered, adjudged and decreed that the judgment .appealed from be annulled, avoided and reversed; and it is now ordered that the exception of no cause of action herein interposed by defendants be overruled and dismissed, and that the case be remanded for trial on its merits according to law and to the view herein ■ expressed. Costs of this appeal to be taxed to appellees; all other • costs to abide the final determination of the cause.-